IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,
on behalf of his minor son, T.J.

       Plaintiff,        OPINION & ORDER

 v.                    14-cv-356-jdp

CHARMAIN J. KLYVE, GERI HEIM,
NICOLE JOHNSON, STACEY SPEICH,
TRESSY BROWN, KELLY FREI,
ERICA CAMPBELL, MICAELA BROETZMANN,
ANDREA EHRET and CHRISTY L. MCCARVILLE
THORMAN,

       Defendants.

---

  Pro se plaintiff William Jarnigan has submitted a proposed civil action under 42 U.S.C. § 1983 on behalf of his minor son, T.J. Plaintiff alleges that defendants, apparently all employed by Rock County as social service workers, performed their jobs incompetently leading to the neglect, abuse, and abandonment of his son. Plaintiff seeks monetary damages on his son's behalf. Plaintiff has paid an initial partial payment of the filing fee as previously directed by the court. Accordingly, the next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A.

  In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing plaintiff's amended complaint with this principle in mind, I conclude that the amended complaint is fatally flawed and that it must be dismissed.

ALLEGATIONS OF FACT

In his amended complaint, Dkt. 3, plaintiff alleges the following facts. For clarity of exposition, I have added some identifying details from plaintiff's pleadings in 14-cv-597.[1]

Plaintiff is the biological father of T.J., a minor. Plaintiff called Child Protective Services (CPS) on a least one occasion to report drug use by Darshana Brooks, T.J.'s mother. Because of plaintiff's communication with CPS, Brooks fled Dane County and returned to her mother's house in Beloit, Wisconsin. Plaintiff gave CPS the information needed to begin an investigation into Brooks's actions. Lacking training, competency, and diligence, defendants (county social service personnel) disregarded the threats to T.J.'s welfare, leading to abuse, neglect, and abandonment of T.J. and two other children.

CPS personnel, particularly defendant Nicole Johnson, portrayed plaintiff as an abusive, violent person in need of treatment, while allowing Brooks to expose T.J. to a dangerous environment. Brooks was unreliable, so Johnson should not have relied on Brooks's statements. After Brooks was arrested, plaintiff was concerned about the children's whereabouts.

Johnson and defendant Geri Heim prevented plaintiff from participating in the placement proceeding for T.J. Plaintiff has raised his concerns with the judge presiding over the proceeding, to no avail.

ANALYSIS

I understand plaintiff to be bringing claims on behalf of his minor son for violation of T.J.'s rights under state or federal law. Plaintiff cites 42 U.S.C. § 1983 on his Civil Cover Sheet,

---

[1] This case is one of three in this court filed by plaintiff arising from Rock County Department of Child Protective Services' efforts to protect plaintiff's son. See also case nos. 14-cv-415 and 14-cv-597.

Dkt. 3-1, but plaintiff has not stated a claim for T.J. under § 1983.[2] To state a claim for relief under § 1983, plaintiff must allege: (1) a deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was done by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). I will assume that defendants acted under color of law, but plaintiff has not identified any deprivation of T.J.'s rights under federal law.

Plaintiff's claim is that Rock County social workers knew that T.J. was in danger but that they did not protect T.J. from that danger. Plaintiff's claim is foreclosed by *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189 (1989). In that case, the mother of a child severely abused by his father brought a claim under § 1983 against the social workers who failed to prevent the abuse of the child, even though they had received reports that the father was abusive. The Supreme Court held that the plaintiffs could not state a claim under § 1983 because "the Due Process Clause of the Fourteenth Amendment does not require a state or local governmental entity to protect its citizens from private violence, or other mishaps not attributable to the conduct of its employees." *Id*. at 193-94 (internal quotation omitted). As in *DeShaney*, plaintiff's remedy, if any, would be provided under state law. *Id*. at 203. Because there is no way for plaintiff to amend his complaint to state a claim under federal law, I will dismiss it without providing plaintiff the opportunity to amend his complaint.

---

[2] Plaintiff's amended complaint also states that his parental rights have been interfered with. But I will treat this case as *only* about his son's rights, because (a) plaintiff's caption indicates that this case is brought on behalf of his son, (b) the substantive allegations are about the treatment of his son, and (c) plaintiff makes claims about violations of *his* rights in case no. 14-cv-597.

Plaintiff's amended complaint has three more problems, which I address only to complete the record. First, plaintiff's amended complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). To demonstrate liability on a claim under 42 U.S.C. § 1983, plaintiff must allege sufficient facts to show that each defendant personally caused or participated in the alleged constitutional deprivation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The amended complaint describes actions by Johnson and Heim that plaintiff believes violated his son's rights, but it does not describe any actions by defendants Charmain J. Klyve, Stacey Speich, Tressy Brown, Kelly Frei, Erica Campbell, Micaela Broetzmann, Andrea Ehret, and Christy L. McCarville Thorman. Thus, defendants Klyve, Speich, Brown, Frei, Campbell, Broetzmann, Ehret, and Thorman have no notice of any claim by plaintiff against them.

Second, plaintiff alleges in case no. 14-cv-597 that the Rock County court has deprived him of his parental rights. If plaintiff's parental rights have been terminated, then he no longer has standing to bring a claim on behalf of T.J. Thus, it is insufficient for plaintiff to be T.J.'s biological father; he must also have the current right to bring suit on T.J's behalf.

Third, even if plaintiff has the legal right to bring a claim on behalf of his son, he cannot do so without a lawyer. *McPherson v. School Dist. No. 186,* 32 Fed. App'x 769, 769 (7th Cir. 2002); Fed. R. Civ. P. 17(c). Minors have no "true choice" to appear pro se and are therefore entitled to trained legal assistance so that their rights are fully protected. *Id.* (quoting *Cheung v. Youth Orchestra Found.,* 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they

4

have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.")).

This brings me to plaintiff's motion for appointment of counsel. Dkt. 16. Civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). I do not have the authority to appoint counsel to represent plaintiff; I can only recruit counsel who may be willing to serve voluntarily. I will not attempt to recruit counsel to salvage this case because it is fatally flawed.

ORDER

Plaintiff's case is DISMISSED.

Entered March 30, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge