IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,
on behalf of his minor son, T.J.

                      Plaintiff,                    ORDER

    v.

                                                  14-cv-356-jdp

CHARMAIN J. KLYVE, GERI HEIM,
NICOLE JOHNSON, STACEY SPEICH,
TRESSY BROWN, KELLY FREI,
ERICA CAMPBELL, MICAELA BROETZMANN,
ANDREA EHRET and CHRISTY L. MCCARVILLE
THORMAN,

                      Defendants.

---

WILLIAM JARNIGAN,

                      Plaintiff,                    ORDER

    v.

                                                  14-cv-415-jdp

NICOLE JOHNSON,

                      Defendant.

---

WILLIAM JARNIGAN,

                      Plaintiff,                    ORDER

    v.

                                                  14-cv-416-jdp

ROBERT D. SPODEN, JOHN DOE,
and JANE DOE,

                      Defendants.

---

WILLIAM JARNIGAN,

                      Plaintiff,                    ORDER

    v.

                                                  14-cv-597-jdp

NICOLE JOHNSON, GERI HEIM,
CHARMAIN J. KLYVE, and
JODI TIMMERMAN,

Defendants.

Plaintiff William Jarnigan brought the four above-captioned lawsuits. A brief summary of his claims and the court's March 30, 2015 screening order in each case is as follows:

- Case no. 14-cv-356-jdp: Plaintiff brought claims on behalf of his minor son, alleging that defendant Rock County social service employees performed their jobs incompetently, leading to the neglect, abuse, and abandonment of his son. I dismissed this case, principally because plaintiff's allegations did not state claims upon which relief could be granted. *See* Dkt. 17 in the '356 case.

- Case no. 14-cv-415-jdp: Plaintiff alleged that defendant Rock County social worker defamed him by making false statements during child protection proceedings. I dismissed this case for lack of subject matter jurisdiction because plaintiff's claims did not belong in federal court. *See* Dkt. 12 in the '415 case.

- Case no. 14-cv-416-jdp: Plaintiff alleged that defendant Rock County officials deprived him of medication while he was held in jail. I concluded that plaintiff's allegations were sufficient to state Eighth Amendment claims against the "John Doe" doctor and "Jane Doe" nurse, but that he did not provide allegations showing how the third defendant, Sheriff Robert D. Spoden violated his rights. I gave plaintiff a chance to file an amended complaint explaining Spoden's involvement. *See* Dkt. 11 in the '416 case.

- Case no. 14-cv-597-jdp: Plaintiff alleged that Rock County social workers and corporation counsel wrongfully worked to impose a permanency plan for his son, interfering with his parental rights even though other persons were responsible for harm to his son. I dismissed the complaint (but not the entire case) for plaintiff's failure to explain whether he was able to participate in the family court proceedings or how each defendant harmed him. I gave plaintiff a chance to file an amended complaint explaining the basis for his claims. *See* Dkt. 15 in the '597 case.

The March 30 orders in the latter two cases gave plaintiff until April 30 to file his amended complaint in each case.

Now plaintiff has filed a document titled "Plaintiff's Demand Motion for Appeal," Dkt. 18 in the '597 case, in which he appears to be saying he would like to file appeals in the '356 and '597 cases. I understand him to be arguing that dismissal of these cases was inappropriate because he was not given enough time to submit amended complaints. He states that he

received this court's March 30 orders with only two weeks to file a response, and that "due to [his] pending incarceration it is impossible to get to the necessary paperwork until [his] release in early November." *Id*.

I would usually consider this type of motion to be a formal "notice of appeal" that initiates appellate proceedings, but I will not do so here without getting confirmation from plaintiff. The filing of a notice of appeal triggers an appellant's responsibility to pay the $505 filing fee for each case that is appealed, so I am reluctant to assess plaintiff those fees until I am certain he means to file any appeals.

Plaintiff's motion makes it somewhat difficult to understand what he would like to do in each of his cases. He states that he would like to appeal the '356 and '597 cases in part because he was not given enough time to file amended complaints, but my order in the '356 case did not ask him for an amended complaint. Rather, the '356 case was dismissed because he failed to state a claim upon which relief could be granted, and there was no reason to think that plaintiff could amend his allegations to fix that problem. Plaintiff remains free to file an appeal in the '356 case, although it is unlikely that the court of appeals would consider his "Demand Motion for Appeal" to be timely, given that it was filed weeks after the 30-day time limit for an appeal set forth in Federal Rule of Appellate Procedure 4(a). Nevertheless, if plaintiff responds to this order stating that he indeed wishes to appeal the judgment in the '356 case, I will consider the "Demand Motion for Appeal" as his notice of appeal and proceed accordingly.

As for the '597 case, it is unnecessary for plaintiff to file an appeal because I have not yet dismissed that case. I gave him a chance to submit an amended complaint in that case, but he now states that he was not given enough time to submit one. Instead of considering his filing as an appeal of the '597 case, I will consider it as a motion for an extension of time to submit his amended complaint, and grant the motion. However, plaintiff does not explain why he needs

3

until November to submit this document. His statement that it is "impossible to get to the necessary paperwork until [his] release" is not persuasive. This court handles hundreds of cases a year involving prisoners who are able to obtain the documents they need to litigate their cases. Moreover, it is not necessary for plaintiff to submit any documentation at this point; he just needs to explain how each defendant has violated his rights. Accordingly, as detailed further in the order below, I will give him about a month to submit his amended complaint in the '597 case.

The same holds true for the '416 case. Because I have not yet dismissed that case, plaintiff may have more time to submit his amended complaint.[1]

Plaintiff has also submitted a letter in which he states that he "was unaware that [he was] to send each defendant in each case a copy of the complaint," that he sent a copies of each complaint to the clerk of court, and that he would like the copies back so that he can serve each defendant. Dkt. 19 in the '597 case. Plaintiff is mistaken about his responsibilities. Because he qualifies financially for *in forma pauperis* status, the court will arrange for service of any complaint that states a claim upon which relief can be granted. Whether the court ultimately does so in either of his still-open cases depends on the contents of plaintiff's amended complaints. Nevertheless, I will direct the clerk of court to send a copy of each complaint back to him.

ORDER

IT IS ORDERED that:

1. Plaintiff William Jarnigan's motion for extension of time to file an amended complaint in case nos. 14-cv-416-jdp and 14-cv-597-jdp is GRANTED in part.

---

[1] Plaintiff's fourth case, the '415 case, was dismissed for lack of subject matter jurisdiction. I do not understand plaintiff to be saying that he would like to appeal this case.

    Plaintiff may have until August 7, 2015 to submit amended complaints in those actions.

2. The clerk of court is directed to send to plaintiff a copy of each complaint he has filed in these four cases.

Entered July 6, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge